# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

WILLIAM HOPE DAVIS,

    Petitioner,

v.

ALBERT R. MURRAY; TERRY E. BARNARD; JAMES E. DONALD; JAMES W. MILLS; BRAXTON T. COTTON; and STATE BOARD OF PARDONS AND PAROLES,

    Respondents.

CIVIL ACTION NO.: 5:15-cv-46

## **O R D E R**

Pending before the Court is the Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus filed by William Hope Davis. (Doc. 1.) By Order dated July 13, 2015, the Court granted Petitioner leave to proceed *in forma pauperis* subject to objection and directed service of his Petition. (Doc. 4.) It has come to the Court's attention that it erroneously directed service upon improper parties to this action. The Attorney General of the United States and the United States Attorney for the Southern District of Georgia are not proper respondents in this case, and thus, are relieved of any duty to respond. Accordingly, the Court **VACATES** its July 13, 2015, Order.

Additionally, the Court notes that Petitioner improperly named: Albert R. Murray, Chairman, State Board of Pardons and Paroles; Terry E. Barnard, Member, State Board of Pardons and Paroles; James E. Donald, Member, State Board of Pardons and Paroles; James W. Mills, Member, State Board of Pardons and Paroles; Braxton T. Cotton, Member, State Board of Pardons and Paroles; and the State Board of Pardons and Paroles (hereinafter collectively

referred to as "Named Respondents") as respondents. The only proper respondent is the state officer having custody of the petitioner. See Rule 2(a) of the Rules Governing Section 2254 Cases.[1] Because the Commissioner of the Department of Corrections is the state officer in charge of Georgia's penal institutions, including Coffee Correctional Facility, the Named Respondents are not proper respondents in this case and should be dismissed. See O.C.G.A. § 42–2–6; Clemons v. Owens, No. CV 114-129, 2015 WL 858390, at *2 (S.D. Ga. Feb. 27, 2015). Thus, the Clerk is AUTHORIZED and DIRECTED to change the name of the Respondent to Homer Bryson, Commissioner of the Georgia Department of Corrections, upon the docket and record of this case.

THEREFORE, IT IS HEREBY ORDERED that the United States Marshal is directed to serve a copy of the Petition and a copy of this Order upon the Respondent. Respondent is hereby ordered to show cause, in writing, why Petitioner's writ should not be granted by filing a return and response with the Clerk of Court, Post Office Box 1636, Brunswick, Georgia, 31521, **within twenty-one (21) days** of the date of service of the petition.

IT IS FURTHER ORDERED that the Clerk of Court serve a copy of this Order upon the Petitioner and also upon the Attorney General of the United States, the United States Attorney for the Southern District of Georgia, and the Named Respondents. The Clerk is further directed

---

[1] Although Petitioner is proceeding under 28 U.S.C. § 2241, it is appropriate to cite to rules governing § 2254 petitions. "A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus." Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). Two different statutes govern the single post-conviction remedy of the writ of habeas corpus, 28 U.S.C. §§ 2241 and 2254. "The difference between the statutes lies in the breadth of the situations to which they apply." Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004) (quoting Medberry, 351 F.3d at 1059). A writ of habeas corpus may issue to a prisoner pursuant to section 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 "applies to a subset of those to whom" section 2241(c)(3) applies. Thomas, 371 F.3d at 786. This section applies to "a person in custody pursuant to the judgment of a State court who is in custody in violation of the Constitution or law or treaties of the United States." Id. (quoting section 2254(a)) (emphasis in original). While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant restrictions." Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004).

to serve a copy of the Petition and a copy of this Order upon Paula K. Smith, Senior Assistant Attorney General of the State of Georgia by certified mail, return receipt requested.

Additionally, the Court previously granted Petitioner leave to proceed *in forma pauperis*; however, as this Order vacates the Court's previous Order, the Court herewith **GRANTS** Petitioner leave to proceed *in forma pauperis* subject to objection.

While this action is pending, the Petitioner shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case, without prejudice.

**SO ORDERED**, this 31st day of July, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA