# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

WILLIAM HOPE DAVIS,

        Petitioner,

    v.

HOMER BRYSON, Commissioner,

        Respondent.

CIVIL ACTION NO.: 5:15-cv-46

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner William Hope Davis ("Davis"), who is currently incarcerated at Wilcox State Prison in Abbeville, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging a decision by the Georgia Board of Pardons and Parole ("the Board").[1] (Doc. 1.) Respondent filed a Motion to Dismiss, (doc. 18), to which Davis filed a Response, (doc. 25). For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Davis' Petition, and **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Davis leave to appeal *in forma pauperis*.

## BACKGROUND

Davis was convicted, after a jury trial, of murder and possession of a firearm during the commission of a crime in the Thomas County, Georgia, Superior Court and was sentenced to life imprisonment on the murder count and five years' imprisonment on the firearms count. Davis

---

[1] Davis filed his Section 2241 Petition when he was confined at Coffee Correctional Facility in Nicholls, Georgia, which lies in the Southern District of Georgia. (Doc, 1, p. 1.) Although Davis has since been transferred to Wilcox State Prison, which lies in the Middle District of Georgia, this Court will review Davis' Petition.

filed an appeal with the Georgia Court of Appeals, which affirmed his conviction and sentence. Davis v. State, 403 S.E.2d 813 (Ga. 1991).

Davis was considered for parole after serving seven years in prison. The Board denied Davis parole in May 1997, as well as in April 2005 and January 2009. In the instant Petition, Davis contests the Board's denial of parole on April 2, 2014. (Doc. 1, p. 2.)

## DISCUSSION

In his Petition, Davis contends that the Board's continued reliance upon the nature of the offense as the sole basis for denying him parole, in the absence of any rule requiring all inmates convicted of murder to serve at least 27 years in confinement before being released on parole, is a "gross abuse of discretion" and violates the due process and equal protection clauses of the Fourteenth Amendment. (Doc. 1, p. 6.) Davis seeks an order directing the Board to reconsider him for release on parole and either grant him release or deny him release "based on information not reasonably available to the Board during any previous parole review." (Id. at p. 8.) Davis also seeks an order declaring that the Board's continued reliance on the gravity of the offense, in the absence of exceptional circumstances, is a gross abuse of discretion and that a prisoner serving a life sentence obtains a liberty interest in parole once the Board has initially considered that inmate's release on parole. (Id.)

Respondent contends Davis' Petition is untimely. In the alternative, Respondent asserts Davis failed to exhaust his state court remedies prior to filing his Petition.

## I.   Whether Davis can Proceed Pursuant to Section 2241

"A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus." Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). Two different statutes govern the single post-conviction remedy of the writ of habeas

corpus, 28 U.S.C. §§ 2241 and 2254. "The difference between the statutes lies in the breadth of the situations to which they apply." Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004) (quoting Medberry, 351 F.3d at 1059). A writ of habeas corpus may issue to a prisoner pursuant to Section 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 "applies to a subset of those to whom" Section 2241(c)(3) applies. Id. at 786. This Section applies to "'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or law or treaties of the United States.'" Id. (quoting Section 2254(a)) (emphasis in original). While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant restrictions." Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." Thomas, 371 F.3d at 787.

Davis contests the decision of the Board to deny him parole in April 2014. Davis is in custody pursuant to the judgment of a Georgia court, and thus, his petition is governed by Section 2254 and its attendant restrictions, such as the statute of limitation period and the exhaustion requirement. See Thomas, 371 F.3d at 787 (stating that the argument that Section 2254 does not apply where a state prisoner challenges parole decisions rather than court rulings is without merit). Accordingly, the Court must determine whether Davis' Section 2241 Petition is barred by the statute of limitations period and/or because Davis failed to exhaust his state remedies.

## II.     Whether Davis' Petition was Timely Filed

Because Davis' Petition is subject to procedural limits of Section 2254, this Court must determine whether Davis timely filed his Petition. A petitioner seeking to file a federal habeas

petition has one year within which to file their federal habeas petitions. 28 U.S.C. § 2244(d)(1). The statute of limitations period shall run from the latest of four possible dates:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

At the time the Board denied Davis parole on April 2, 2014, he was or should have been aware of the factual predicate of his claims. See Porter v. Ray, 461 F.3d 1315, 1323 (11th Cir. 2006) (noting that statute of limitation period begins to run at the time the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard to his rights).[2] Thus, to be timely, Davis would have had to file his Petition on or before April 2, 2015. Davis did not execute his Section 2241 Petition until May 22, 2015, and it was not filed in this Court until July 9, 2015. (Doc. 1, pp. 8–9; Dkt. Entry 1, dated July 9, 2015.)

---

[2] The Court rejects Respondent's assertion that the Eleventh Circuit Court of Appeals upheld this Court's determination that the factual predicate of Davis' claims on a previous occasion arose in May 1997 when the Board initially denied him parole. (Doc. 18-1, p. 4 (citing Davis v. State Bd. of Pardons & Paroles, 271 F. App'x 975 (11th Cir. 2008).) The Eleventh Circuit declined to address the statute of limitations question in Davis. Instead, the Eleventh Circuit found that, assuming the factual predicate for a claim arose at the time the Board denied Davis parole, Davis, under Georgia law, had to exhaust his state court remedies by filing a petition for writ of mandamus. Davis, 271 F. App'x at 975–76. In addition, the Eleventh Circuit, in a published opinion, later determined the triggering event for statute of limitations period was the Board's second denial of parole to the petitioner, because he could not have known of that decision at any time prior to that second denial. Day v. Hall, 528 F.3d 1315 (11th Cir. 2008). Thus, the appropriate triggering event for statute of limitations purposes here is when the Board denied Davis parole on April 2, 2014.

On its face, Davis' Petition was untimely. However, it must now be determined whether the applicable statute of limitations period was tolled.

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). An application is considered "for" collateral review if it seeks "a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." Wall v. Kholi, 562 U.S. 545, 553 (2011). An "application is considered 'properly filed' if 'its delivery and acceptance are in compliance with the applicable laws and rules governing filings.'" Westmoreland v. Warden, 817 F.3d 751, 753 (11th Cir. 2016) (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)). "[A]n application is pending as long as the ordinary state collateral review process is in continuance–i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted).

Davis claims he filed a writ of mandamus with the Fulton County Superior Court on July 31, 2014, and he raised the same claims in that petition as he does in his Petition with this Court. (Doc. 25, p. 2.)[3] However, Respondent asserts that, while the filing of a writ of mandamus would likely toll the applicable statute of limitations period, there is no evidence that Davis actually filed this writ. In addition, Respondent notes Davis moved to voluntarily dismiss his

---

[3] If there is a time limit associated with the filing of a writ of mandamus after the Board's decision, the Court was unable to find it, and the parties did not provide it. It may be that a party has thirty days after the decision to file a writ of mandamus, as it is with appeals, in which case Davis' petition for writ of a writ of mandamus would have been untimely filed in state court. If this were the case, Davis' putative filing in the Fulton County Superior Court would have done nothing to toll the applicable statute of limitations.

writ. (Doc. 18-1, pp. 4–5.) Thus, Respondent contends Davis' Section 2241 Petition was filed untimely, as he executed his Petition on May 22, 2015, which is more than a year after the Board denied him parole on April 2, 2014. (Id. at p. 4.)

On July 25, 2014, Davis executed a petition for writ of mandamus against the State Board of Pardons and Paroles, and he raised the same issues in that petition as he does in the instant Petition. (Doc. 25-1, pp. 5–19.) In addition, Davis used $2.45 in legal postage on July 30, 2014, to send mail to the Fulton County Superior Court. (Id. at p. 26.) However, by letter addressed to the Fulton County Superior Court Clerk and dated July 2, 2015, Davis stated:

> On or about July 30, 2014, I submitted a petition for writ of mandamus for filing in this court, but as of this date the status of that action is unknown, as I have not received any case number of confirmation that such has been filed—and the three letters inquiring into the matter has (sic) also gone unanswered. Therefore, I am voluntarily discontinuing the instant action and filing it as a petition for writ of habeas corpus in the federal courts.

(Id. at p. 27.)

The evidence before the Court indicates that Davis sent legal mail to the Fulton County Superior Court on July 30, 2014, and that legal mailing was likely his petition for writ of mandamus. However, there is nothing indicating that Davis' petition was actually filed upon the docket and record of the Fulton County Superior Court.[4] Thus, it does not appear that Davis' petition for writ of mandamus was "properly filed" in the absence of any evidence that his petition complied with Georgia rules. Westmoreland, 817 F.3d at 753. Even if Davis' petition for writ of mandamus had been "properly filed", there is nothing before the Court indicating that it was "pending" such that the applicable statute of limitations period was tolled from July 30, 2014, until July 2, 2015 (the date of the letter Davis contends he voluntarily dismissed his petition for writ of mandamus). See Williams v. Crist, 230 F. App'x 861, 866 (11th Cir. 2006)

---

[4] http://justice.fultoncountyga.gov/PASupCrtCM/Search.aspx?ID=100, last accessed May 27, 2016.

(determining that "'a state post-conviction application is 'pending' under § 2244(d)(2) both when it actually is being considered by the state habeas court and during the gap of time between the state habeas court's initial disposition and the petitioner's *timely* filing of a petition for review at the next level.'") (emphasis in original) (quoting <u>Wade v. Battle</u>, 379 F.3d 1254, 1262 (11th Cir. 2004)).  By extension, Davis' petition for writ of mandamus cannot be considered pending from July 30, 2014, through July 2, 2015, because his petition was not actually being considered by the Fulton County Superior Court.

Accordingly, Davis' Section 2241 Petition, which was executed on May 22, 2015, and which is challenging the Board's denial of parole on April 2, 2014, was filed untimely since Davis had no properly filed collateral challenges pending in the courts for the State of Georgia at any time after April 2, 2014.  Accordingly, the Court should **GRANT** this portion of Respondent's Motion and **DISMISS** Davis' Petition.

## III.    Whether Davis Exhausted his State Remedies

In addition to the recommendation that the Court dismiss Davis' Petition because it was filed untimely, I also **RECOMMEND** the Court **DISMISS** Davis' Petition on the alternative ground of lack of exhaustion.

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds, as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) & (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the

applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Davis has not shown that this Court should entertain his federal petition. Respondent has not waived the exhaustion requirement. In addition, there is no evidence that there is no available corrective process in the State of Georgia. As noted above, Davis sent a legal mailing to the Fulton County Superior Court on July 30, 2014. The Court accepts Davis' contentions that this legal mailing was his petition for writ of mandamus and that he never received a case number from the Fulton County Superior Court, despite sending three letters inquiring of his petition for writ of mandamus.[5] Davis has not shown that, assuming his petition had been filed shortly following his July 30, 2014, mailing that the eleven months' time which elapsed between that filing and his notification of dismissal presented an unreasonable delay. See Cook v. Fla. Parole & Prob. Comm'n, 749 F.2d 678, 680 (11th Cir. 1985) (noting that the exhaustion of state remedies may be excused in a situation where there has been "unreasonable, unexplained delays in acting on a petitioner's motion for state relief."). Davis filed his Section 2241 Petition less than a year after he mailed his writ of mandamus to the Superior Court of Fulton County and has not shown that the state court had unreasonably delayed in ruling on his petition to excuse the exhaustion requirement. See id. (finding a three and one half year delay in the state courts insufficient to excuse exhaustion); cf. Cail v. Smith, CV605-41, 2006 WL 566106, at *4 (S.D. Ga. March 6, 2006) (finding a nine-year plus "standstill" in the petitioner's state case an

---

[5] Despite the Court's acceptance of these contentions, the Court also observes that Davis has presented no evidence of the actual letters themselves or on what dates he may have sent those letters. Instead, Davis merely asserts in his letter to voluntarily dismiss his petition for writ of mandamus (for which he does not show this letter was mailed and on what date it was mailed), dated July 2, 2015, that he wrote three letters to the Clerk of Court inquiring of his petition. (Doc. 25-1, p. 27.) At least as to Davis' actual petition, he presents supporting evidence that makes it at least plausible he mailed his petition to the Superior Court of Fulton County on July 30, 2014. (Id. at p. 26.)

inappropriate basis upon which to grant the motion to dismiss for failure to exhaust state remedies). In addition, Davis had the ability to file a motion for writ of mandamus with the Georgia Supreme Court to compel the Fulton County Superior Court to rule on his mandamus petition. See O.C.G.A. § 9-6-20; Jackson v. Walker, 206 F. App'x 969 (11th Cir. 2006). Therefore, this Court will not entertain Davis' Petition. The Court recognizes that "a petition for writ of mandamus is the proper vehicle for challenging parole decisions in Georgia." Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) ("Without an administrative appellate procedure for [Parole] Board decisions, the appropriate method [under Georgia law] by which a prisoner can attack a [Parole] Board decision is to file a petition for a writ of mandamus against the Board."); Johnson v. Griffin, 522 S.E.2d 657 (Ga. 1999). However, the Court also recognizes that the State of Georgia must have had the opportunity to entertain the merits of any petition for writ of mandamus. Davis has not shown, assuming his mandamus petition was filed, that the Fulton County court had sufficient time to have the opportunity to entertain the merits of his petition. Rather, before the Superior Court issued any decision on the state petition, Davis voluntarily dismissed it.

Davis failed to exhaust his available state remedies prior to filing this Petition. Consequently, the Court should **GRANT** this portion of Respondent's Motion and **DISMISS** Davis' Petition.

## IV.  Leave to Appeal *In Forma Pauperis*

The Court should also deny Davis leave to appeal *in forma pauperis*. Though Davis has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is

filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. <u>Busch v. Cty. of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Davis' Petition and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 18), **DISMISS** Davis' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Davis leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Davis and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of June, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA